**Index of Exhibits**

Exhibit 1          Plaintiff's First Amended Complaint

Exhibit 2          Answer

Exhibit 3          Subpoena On Razorfish w/Attachments and Proof Of Service

Exhibit 4          Objections To Subpoena

Exhibit 5          May 30, 2012 letter

Exhibit 6          June 5, 2012 letter

Exhibit 7          June 11, 2012 letter

Exhibit 8          June 29, 2012 letter

Exhibit 9          June 13, 2012 letter

Exhibit 10         June 19, 2012 letter

Exhibit 11         June 20, 2012 letter

Exhibit 12         June 22, 2012 letter

Exhibit 13         June 27, 2012 letter from Nadege Souvenir

Exhibit 14         June 27, 2012 letter from Dennis Hansen

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Select Comfort Corporation, | Court File No. 0:11-cv-00621 (JNE/JSM) |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| The Sleep Better Store, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Select Comfort Corporation ("Select Comfort"), for its Complaint against Defendant The Sleep Better Store, LLC, doing business as Dream Number Beds ("The Sleep Better Store," "Dream Number Beds," or "Defendant"), states:

## NATURE OF THIS ACTION

1.     This is an action for damages and injunctive relief arising out of Defendant's infringing, unauthorized, false and misleading use of several of Select Comfort's trademarks, and false and deceptive statements made to Minnesota consumers on Defendant's websites.

## PARTIES

2.     Select Comfort is a Minnesota corporation with its principal place of business in Minnesota.

3.     Defendant is a Texas limited liability company with its principal place of business in Texas.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Venue lies in this District under 28 U.S.C. § 1391(b) and (c).

5.      This Court has personal jurisdiction over Defendant.  Defendant has purposefully, continuously and systematically conducted business in Minnesota by, *inter alia*, advertising, promoting and selling its air bed mattress products in Minnesota. Defendant's advertising, promotion and selling is conducted primarily through a highly interactive website accessible at the domain names sleepnumbercomparison.com, selectcomfortcomparison.com, dreamnumberbeds.com sleepbetterstore.com, through which Defendant offers for sale and sells products to Minnesota residents by making deceptive and misleading statements and by infringing Select Comfort's trademarks. Defendant thus transacts business over the internet with Minnesota residents, enters into contracts with Minnesota residents via the internet, and collects payment for products from Minnesota residents via the internet.  Defendant has willfully engaged in unauthorized, false and misleading uses of Select Comfort's trademarks, which has caused and continues to cause harm to Select Comfort, a Minnesota resident.  Defendant continues to engage in unauthorized, false and misleading use of Select Comfort's trademarks even after the nature of these uses have been brought to Defendant's attention by Select Comfort.

///

2

## **FACTS**

6.     Select Comfort designs, manufactures and markets unique air bed products, many features of which are either proprietary or protected by the patent laws of the United States.  Select Comfort's Sleep Number bed uses uniquely designed air chambers to provide a gentle cushion of support which can be easily adjusted to an individual's preference, comfort and firmness.  Studies show that the Sleep Number® bed relieves back pain and improves sleep quality.

7.     Select Comfort is the owner of all rights in the trademark Sleep Number®, including United States Trademark Registration Nos. 2,753,633, 2,618,999, 2,641,045 and 2,702,762, which registrations are incontestable.  True and correct copies of these registrations are attached as Exhibit A.

8.     Select Comfort is the owner of all rights in the trademark Select Comfort®, including United States Trademark Registration Nos. 1,581,562, 1,590,557 1,976,214, 2,702,763, 2,801,405, and 2,803,623, which registrations are incontestable  True and correct copies of these registrations are attached as Exhibit B.

9.     Select Comfort is the owner of all rights in the trademark comprising its double arrow circle logo (the "Double Arrow Logo"), including United States Trademark Registration No. 2,803,624.  A true and correct copy of this registration, which is incontestable, is attached as Exhibit C.

10.     Select Comfort is also the owner of all rights in the trademark comprising its logo which combines its Sleep Number® mark and its Double Arrow Logo (the "Sleep Number Logo™"), shown below:



Select Comfort has used the Sleep Number Logo™ continuously in commerce since April of 2007.

11.     Select Comfort is also the owner of all rights in the trademark DualAir™ as well as the DualAir logo that is the subject of a pending United States Trademark/Service Mark Application, Serial Number 85363543 (the "DualAir Logo"). Select Comfort has used DualAir™ and the DualAir Logo continuously in commerce since June of 2011. A true and correct copy of the DualAir Logo application filed with the United States Patent and Trademark Office is attached as Exhibit D.

12.     The trademarks, service marks, and logos described above are collectively referred to as "Select Comfort's Trademarks" or "the Trademarks-At-Issue."

13.     Select Comfort has an excellent reputation for both its unique product line and superior quality of its products and services. Select Comfort was ranked the number one bedding retailer in the United States by *Furniture/Today* for nine consecutive years.

14.     Sleep Number® beds and accessories are available nationwide at Select Comfort retail stores in major shopping malls and other locations, through the company's national direct marketing operations, as well as through Select Comfort's website at selectcomfort.com and sleepnumber.com.

15.     Select Comfort markets its Sleep Number® beds and related goods through extensive advertising in, *inter alia*, newspapers, national circulation magazines, direct mailings, radio advertisements and television commercials and infomercials.

16.     As a result of the innovation and quality of its products, together with the widespread advertising and promotion thereof, Select Comfort has acquired a reputation for quality, integrity and innovation, and it is well-known as the leading seller of premium air-supported sleep products.

17.     As a result of widespread use in connection with the advertising and promotion of its Sleep Number® beds and related products, Select Comfort has developed substantial good will and national recognition in its Trademarks as a source of high-quality mattresses and bedding products.

18.     Indeed, the Sleep Number® and Select Comfort® marks, as well as the Double Arrow Logo and the Sleep Number Logo™, are among the most widely recognized trademarks in the bedding industry.

## DEFENDANT AND ITS ACTIVITIES

19.     Defendant operates domain names and websites at sleepnumbercomparison.com, selectcomfortcomparison.com, sleepbetterstore.com, and dreamnumberbeds.com though which it sells air mattresses and related products to purchasers in all 50 states.

20.     On or about November 8, 2011, Defendant purportedly changed its name and air-bed product line to "Dream Number Beds," and launched a new Dream Number website at dreamnumberbeds.com designed to replicate Select Comfort's website. Defendant's infringing domain names and website addresses listed above, such as sleepnumbercomparison.com and selectcomfortcomparison.com, link consumers directly to its new infringing dreamnumberbeds.com website.

21.     In connection with the sale and promotion of its air beds and related products, Defendant engages in unauthorized uses of and infringes Select Comfort's Trademarks and protectable trade dress.

22.     Defendant has no rights in any of Select Comfort's Trademarks or trade dress.

23.     Defendant's domain names and websites sleepnumbercomparison.com, selectcomfortcomparison.com, and dreamnumberbeds.com infringe and dilute Select Comfort's Trademarks.

24.     As set forth in detail below, Defendant's new name and website are one part of an multi-facetted strategy to confuse, deceive, and misdirect the consumer from their first Internet search for Select Comfort's products—not Defendant's products—to the final online purchase of Defendant's copy-cat product.  In short, Defendant purchases the Sleep Number® marks through Internet search engines like Google, uses confusing links that incorporate Sleep Number® marks coupled with domain names that uses the Sleep Number® mark, all to divert customers away from the Sleep Number® beds they searched for online, to Defendant's website, where Defendant now uses the name "Dream Number" and a new website layout to replicate and trade off genuine Sleep Number® beds and the Sleep Number® website.

25.     Defendant purchases the search term "Select Comfort" through Google's Adwords program, and, on information and belief, through Yahoo! Search, ask.com, and on Internet-based advertising platforms, including, Shopzilla.com, pronto.com, and smarter.com.

6

26.     Defendant purchases the search term "Sleep Number" through Google's Adwords program, and, on information and belief, through Yahoo! Search, ask.com, and on Internet-based advertising platforms, including, Shopzilla.com, pronto.com, and smarter.com.

27.     In part as a result of the above-described search term purchases, users searching for Select Comfort products by inputting the search terms "Select Comfort" or "Sleep Number" are presented links to Defendant's website among the sponsored links prominently displayed near the top of the search results page or the homepage for the advertising website.

28.     Defendant's purchase and/or use of the keywords "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites, as referenced above, was made with knowledge of Select Comfort's rights in these marks.

29.     Defendant's purchase and/or use of the keywords "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites is intended as a means of advertising its products on the internet.

30.     Defendant's purchase and/or use of the keywords "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites allows Defendant to use and trade off of Select Comfort's marks in commerce to promote, sell, offer for sale or otherwise distribute Defendant's own products.

31.     Defendant's purchase and/or use of the keywords "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites, alone and in conjunction with its misleading and infringing headline links, domain names and website addresses

7

that are presented to consumers, allows Defendant to mislead, misdirect, deceive, or confuse the public at large and consumers seeking Sleep Number® beds and Select Comfort's goods, services, or website on the Internet.

32.     Defendant purchased and/or used of the keywords "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites, and continues to do so, to mislead, deceive and lure consumers, cause confusion, or divert customers seeking Sleep Number® beds and Select Comfort's goods, services, or website.

33.     Defendant further attempts to deceive consumers, as well as Internet search engine algorithms, such as Google, Yahoo! Search, and ask.com, by using Select Comfort's Trademarks in the meta-information for its websites and domain names and through the use of confusing and infringing page headings displayed in the Internet search results page, claiming that the link to its page at sleepnumbercomparison.com leads to "Number Bed(Official Site)."

34.     As one example, a user searching for "Sleep Number" products may be shown a link to "Number Bed(Official Site)" at sleepnumbercomparison.com, as reflected below, but this link leads to a website operated by Defendant.



35.     Defendant has wrongfully diverted sales from Select Comfort to Defendant.

36.     Defendant has realized sales from customers who entered "Select Comfort" or "Sleep Number" as search terms in Google, Yahoo! Search, ask.com, and other Internet advertising websites.

37.     Select Comfort has lost sales due to Defendant's illegal purchase and/or use of Select Comfort trademarks as keywords in Google, Yahoo! Search, ask.com, and other Internet advertising websites.

38.     Consumers who have searched for "Sleep Number" or "Select Comfort" using Google, Yahoo.com, ask.com., and other online advertising websites have been

confused, deceived, and/or mislead into believing that Defendant's links will direct them to Select Comfort's Sleep Number® website, a website affiliated with Select Comfort, and/or a website where they can purchase Sleep Number® beds and Select Comfort® products online.

39. Similarly, consumers who have searched for "Sleep Number" or "Select Comfort" using Google, Yahoo.com, ask.com., and other Internet advertising websites have been confused, deceived, and/or mislead into believing that Defendant's sales claims and other advertising statements displayed on its paid links and headlines apply to, are affiliated with, and/or are endorsed by Select Comfort and its Sleep Number products.

40. As such, Defendant has misled, deceived, and/or confused the public at large and consumers seeking Sleep Number® beds and Select Comfort's goods, services, or website.

41. Consumers who click on the infringing and deceptive links Defendant uses on Google, Yahoo.com, ask.com, and Internet advertising websites and are diverted to Defendant's websites, or otherwise visit Defendant's websites, are subjected to further deceptive and infringing uses of Select Comfort's Trademarks.

42. Defendant's prior website (operated under the name The Sleep Better Store) and its current website (operated under the name Dream Number Beds) make extensive and repeated uses of Select Comfort's Trademarks, far beyond the minimal use necessary to identify Select Comfort's products for comparison purposes, and in a manner likely to cause confusion among consumers.

10

43. Such uses include but are not limited to the naming of written material with Select Comfort's trademarks. For example, Defendant's prior website stated:

**Sleep Number Bed - Select Comfort Beds**

Compare our Sleep Systems with Select Comfort's Sleep Number Beds and take advantage of the big savings!

Defendant's current website says the same, replacing "Sleep Number Bed" with "Dream Number Bed"—an even closer copy of Select Comfort's Sleep Number® Beds.

44. Defendant even included links purportedly leading consumers to specific models of Select Comfort's Sleep Number® beds, as shown on Defendant's prior website:

Sleep Number® c3 Bed | Sleep Number® c4 Bed | Sleep Number® p5 Bed | Sleep Number® i8 Bed | Sleep Number® i10 Bed
Air Mattresses | Air Mattress | Air Beds | Delux Air Beds | Sleep Number Beds Comparison | Adjustable Beds | Air Pillows | Compare our Air Mattresses | Compare Select Comfort | Sleep Better Sitemap

Defendant's current website included the same misleading links, as shown below, until the Court entered a Temporary Restraining Order forbidding this conduct:

11



45.     Consumers who click on the links for Select Comfort's Sleep Number®

Beds are instead sent to pages selling Defendant's own products.   These pages

deceptively suggest that the product available is the same as the Select Comfort product

reflected in the previously clicked link, as shown below on Defendant's prior website:



Defendant's current website engaged in the same misleading scheme, as shown below, until the Court entered a Temporary Restraining Order forbidding this conduct:



46.     Defendant's "about our beds" page in its prior website further appropriates Select Comfort's Sleep Number® mark, claiming that "our adjustable air bed systems come equipped with dual comfort settings that allow you and your partner to select your desired sleep number."

47.     In addition, Defendant markets its air beds using a "3-series" through "10-series" model lineup that mirrors the 2-through-10 numerical lineup used by Select

Comfort in an effort to confuse and mislead consumers as to the difference between Defendant's air-beds and genuine Sleep Number® air-beds.

48.     Defendant also uses the term "Number Bed" in a manner likely to create confusion with Select Comfort's Sleep Number® Bed, including but not limited to the examples below from its prior website:






49.     Defendant's use of "Number Bed" to describe its competing air-bed products infringes and dilutes Select Comfort's Sleep Number® marks.  It also misleads, misdirects, deceives, and/or confuses the public at large and consumers as to origin of Defendant's products and some association with genuine Sleep Number® beds.  For example, by purchasing the Sleep Number® mark through Google Adwords, Defendant misdirects and confuses consumers searching for genuine Sleep Number® beds on

Google by presenting them with a misleading link to "Number Bed(Official Site)" purportedly offered by the website www.sleepnumbercomparison.com. This link and purported website address, however, do not direct consumers to their sought-after Sleep Number® bed, nor even to a www.sleepnumbercomparison.com website, but, instead, direct consumers to Defendant's www.dreamnumberbed.com website, wherein it sells its competing air-bed products. As another example, Defendant anomalously owns and controls a purportedly neutral and independent comparison website called mattress-find.com (as discussed further below). This website further misleads and confuses consumers by likening genuine Sleep Number® beds to "Sleep Better Number" beds sold by the Defendant.

50.    Defendant's new name change to Dream Number goes even further, and is an unmistakable effort to trade off the Sleep Number® marks. Dream Number, by itself, and in combination with Defendant's other infringing and unfair activities, infringes and dilutes Select Comfort's Trademarks. It is also likely to deceive and confuse consumers as to the identity and source of genuine Sleep Number® beds and where they can be found and purchased online.

51.    Indeed, Defendant's new Dream Number logo itself infringes and dilutes the Select Comfort's Trademarks, including the Sleep Number® marks, the Double Arrow Logo, and the Sleep Number Logo™, as the comparison below shows:





As with Defendant's purchase of Select Comfort's Trademarks at the initial online search step, and the infringing statements it uses on its website, Defendant's new name and logo are part of Defendant's orchestrated strategy to mislead, deceive, and confuse the public at large and consumers seeking real Sleep Number® beds and Select Comfort's goods, services, and website.

52.    In fact, Defendant's new Dream Number Beds website was clearly designed to infringe Select Comfort's Trademarks, trade dress, and more closely copy Select Comfort's overall website design, as the comparison on the next pages shows. This tactic allows Defendant's to continue to mislead and confuse consumers who were initially searching online for Select Comfort® or Sleep Number® beds into believing they have successfully reached a website where they can purchase such products, when in fact they cannot.





53.   Defendant's Dream Number website copies and infringes upon the trade dress of Select Comfort's website.  For example, starting at the top left corner, Defendant uses the design "dream number" with the words separated by the image of a controller, in the same way the Sleep Number Logo™ appears in the top left corner of Select Comfort's website.  In fact, Defendant even features the same number "35" on its controller as Select Comfort does on its controller (shown on the bottom left corner of Select Comfort's site).

54.   Defendant's menu bar copies Select Comfort's nearly verbatim.  Select Comfort provides four choices: Why Sleep Number?, Sleep Number Beds, Sleep Number Pillows & Bedding, and Need Help?  Defendant offers the same four options:  why dream number?, dream number beds, accessories, and Chat With Us! we're here to help.

55.   Moving to the bottom right corner of Defendant's website, Defendant uses the following design consisting of double-arrow circle with the term dual adjustable air between the arrows, as shown below:



56.   Defendant's design infringes and dilutes Select Comfort's federally registered Double Arrow Logo, shown below, which has been in use since 2002:

19



57.     Defendant's design also infringes Select Comfort's use of the DualAir™ trademark, and the DualAir Logo shown below, which is in use and is the subject of appending United States trademark application:



58.     Defendant has engaged in further infringing conduct through social media such as Twitter and Facebook.

59.     For example, on June 10, 2010, Defendant infringed Select Comfort's Sleep Number® and "What's your Sleep Number?" trademark (U.S. Reg. No. 27/02762) by posting "What's your Sleep Better number?" on Defendant's Twitter feed.

60.     Similarly, on January 25, 2011, Defendant appropriated Select Comfort's Sleep Number® mark in responding to a customer comment on Facebook:



61. On information and belief based on frequent consumer statements to Select Comfort retail personnel, Defendant's phone representatives instruct potential customers that consumers can try out a bed at one of Select Comfort's retail locations, but then order the same bed online from Defendant for less.

62. Select Comfort's mattresses are manufactured exclusively for Select Comfort and are protected by several patents.

63. Defendant's representations that it supplies beds materially identical to those of Select Comfort are false.

64. Defendant infringes and dilutes Select Comfort's Sleep Number® mark by registering and using it in its sleepnumbercomparison.com domain name, which now directs users to Defendant's Dream Number Beds website.

65. Select Comfort's Sleep Number® mark is distinctive and famous, and was distinctive and famous as of February 14, 2008, when the sleepnumbercomparison.com website was registered.

66.     The sleepnumbercomparison.com domain name is identical to or confusingly similar to Select Comfort's Sleep Number® mark.

67.     Defendant had, and continues to have, a bad faith intent to profit from the use of Select Comfort's Sleep Number® mark in the sleepnumbercomparison.com domain name.

68.     Defendant also infringes and dilutes Select Comfort's Sleep Number® mark by registering and using it in its dreamnumberbeds.com domain name and website, in which Defendant further infringes and dilutes Select Comfort's Trademarks and trade dress.

69.     Select Comfort's Sleep Number® mark is distinctive and famous, and was distinctive and famous when the dreamnumberbeds.com website was registered and launched.

70.     The dreamnumberbeds.com domain name is nearly identical to or confusingly similar to Select Comfort's Sleep Number® beds mark.

71.     Defendant had, and continues to have, a bad faith intent to profit from Select Comfort's Sleep Number® mark, inter alia, by using a confusing similar mark in the dreamnumber.com domain name and website.

72.     Defendant also infringes and dilutes the Select Comfort® mark by using it in its selectcomfortcomparison.com domain name, which now directs users to Defendant's Dream Number Beds website.

73.     The Select Comfort® mark is distinctive and famous, and was distinctive and famous as at the time the selectcomfortcomparison.com website was registered.

22

74.     The selectcomfortcomparison.com domain name is identical to or confusingly similar to the Select Comfort® mark.

75.     Defendant had, and continues to have, a bad faith intent to profit from the use of the Select Comfort® mark in the selectcomfortcomparison.com domain name.

76.     Due to the deceptive and misleading conduct described herein, actual consumer confusion exists as to Defendant's affiliation with Select Comfort or as to whether Select Comfort is the source of Defendant's products.

77.     Select Comfort retail customers have frequently been confused as to Defendant's affiliation with Select Comfort, asking sales people to honor the prices they saw Select Comfort advertising at the Sleep Better Store, believing that the Sleep Better Store was affiliated with Select Comfort.

78.     Even Facebook postings that Defendant displays on its own website indicate that consumers are confused between Defendant's products and Select Comfort's Sleep Number® Bed:

What Our Fans are Saying on Facebook...

## facebook

 **Aaron Saenz** My wife and I got our sleep better bed three years ago. Haven't had a bad night's sleep since. Having two different controls for the firmness of the bed on either side has prevented a lot of arguments. And, the bed is great when you move - it packs up into almost no space at all. Good job Sleep Better Store. Keep it up.

March 10 at 10:47pm · Report

 **Judy Camandona** We are greatfall that we took the leap and bought our Sleep number bed. My husband and I both suffered from intense pain. His pain was back, neck, and shoulders. Mine neck, back, hips, wrists, and legs. We purchased our Sleep number bed Dec. 2008 as a Christmas gift to ourselve in hopes that it would aleviate our disco...

See More

March 3 at 6:37pm · Report

 **Jc Hall** I've slept on a waterbed for the past 30+ years. A recent injury to my wife's back forced us to change to the suggested sleep number bed. We also chose to include the adjustable frame for our new oasis. I thought that I would put up with the change to accommodate my spouse, but quickly realized what I had been missi...

See More

March 1 at 6:14pm · Report

79. More recent Facebook postings confirm that consumers are confused between Defendant's products and Select Comfort's Sleep Number® Bed:

24



80.    Defendant is aware of this consumer confusion and does not attempt to correct it by, *inter alia*, publicly responding that it does not, and cannot, sell Sleep Number® beds, at any price.   To the contrary, Defendant exacerbates the consumer confusion by endorsing the consumer's mistaken comment through a "like" post on Facebook, as shown below:



81.     In another prominent and damaging instance of actual consumer confusion, an internationally-known musician with over 100,000 Twitter followers "tweeted" that the musician's new "Sleep Number Bed" was difficult to assemble because it was missing parts and poorly built, and telephone customer service representatives were rude. It was quickly learned that the musician had in fact purchased and was trying to assemble a bed from the Defendant, mistakenly believing it to be an authentic Sleep Number Bed manufactured by Select Comfort.

82.    Defendant's website includes additional uses of or variations on Select Comfort's trademarks, beyond those specifically described herein, that are likely to cause confusion among consumers.

83.    Defendant began its uses of Select Comfort's Trademarks as described herein long after Select Comfort began using said marks.

84.    The products which Defendant advertises and sells in connection with its unauthorized use of Select Comfort's Trademarks are highly related and competitive with the products sold by Select Comfort in connection its Trademarks.

85.    By incorporating and using Select Comfort's Trademarks and trade dress, Defendant is unfairly trading on the good will and reputation for high quality earned by Select Comfort over the years.

86.    The unauthorized use of Select Comfort's Trademarks and trade dress by Defendant in the manner described above is likely to cause confusion and/or deceive customers and potential customers of the parties, as to some affiliation, connection or association of Defendant with Select Comfort, or as to the origin, sponsorship, quality, or approval of the goods of Defendant by Select Comfort.

87.    The unauthorized use of Select Comfort's Trademarks and trade dress by Defendant in the manner described above falsely designates the origin of the goods of Defendant, and falsely and misleadingly describes and represents facts with respect to Defendant and the goods of Defendant.

88.    The unauthorized use of Select Comfort's Trademarks and trade dress by Defendant in the manner described above enables Defendant to trade on and receive the

benefit of good will in Select Comfort's trademarks which Select Comfort has built up at great labor and expense over many years. This unauthorized use by Defendant also enables Defendant to gain acceptance for its own goods, not solely on the merits of those goods, but on the reputation and good will of Select Comfort and its own trademarks.

89. The unauthorized use of Select Comfort's trademarks and trade dress by Defendant in the manner described above is directed to the public at large and enables Defendant to mislead, deceive, and/or confuse consumers into believing that they are purchasing genuine Select Comfort goods and services, when in fact they are not.

90. Indeed, the examples enumerated above show that Defendant's tactics have already succedded in confusing, deceiving and misleading consumers. Just like the international musician discussed above, consumers have been confused and deceived by Defendant's advertising tactics into thinking they purchased genuine Sleep Number® beds, when if fact they have not.

91. The Sleep Number® and Select Comfort® trademarks, the Double Arrow Logo, and the Sleep Number Logo™ are famous marks as that term is defined in 15 U.S.C. 1125(c)(1).

92. The unauthorized use of the Sleep Number® and Select Comfort® trademarks, the Double Arrow Logo, and the Sleep Number Logo™ by Defendant in the manner described above is likely to dilute the distinctive quality of the Sleep Number®, Select Comfort® marks, the Double Arrow Logo, and the Sleep Number Logo™.

93. The unauthorized use of Select Comfort's Trademarks and trade dress by Defendant in the manner described above unjustly enriches Defendant at Select Comfort's expense.

94. The unauthorized use of Select Comfort's Trademarks and trade dress by Defendant in the manner described above removes from Select Comfort the ability to control the nature and quality of the products provided under those marks and places the valuable reputation and good will of Select Comfort in the hands of Defendant, and others, over whom Select Comfort has no control.

95. The unauthorized use of Select Comfort's Trademarks and trade dress by Defendant in the manner described above is false and misleading.

96. Select Comfort has provided notice to Defendant of the improper use of Select Comfort's marks and trade dress and demanded that Defendant cease the unauthorized uses of such. Defendant failed and refused to comply with Select Comfort's rightful requests and demands.

97. Defendant or its agents also own and operate a website using the domain name mattress-find.com.

98. The mattress-find.com website is anonymously registered, and is presented as an unbiased mattress review and comparison site. In this way, Defendant is able to mislead, deceive, or confuse the public at large and consumers into believing that they have reached a neutral, unbiased website that compares different air-beds, when in fact they have not.

99.     Indeed, the mattress-find.com is actually a front for Defendant's own agents or affiliates to attempt to direct consumers to Defendant's products at the expense of other manufacturers, including by not limited to Plaintiff, by falsely suggesting their "comparisons" or "reviews" are unbiased.

100.     While the mattress-find.com website presents bare-bones "comparison" information about major inner-spring mattress manufacturers, the website presents extensive discussion about comparisons between the world's major airbed and memory foam mattresses (Select Comfort and Tempur-Pedic) and Defendant's own products offered under the Sleep Better Store (now Dream Number Beds) and "AngelBeds" brands.

101.     The "Sleep Number Store" and "AngelBeds" are both operated by Defendant or its agents or affiliates, as the design of the sleepnumberstore.com and angelbeds.com websites are substantially identical, and the address and local phone number for each website's "factory direct showroom" are identical.

102.     In suggesting that it offers an unbiased comparison between Select Comfort's and Defendant's products, mattress-find.com instead states that the Sleep Better Store is, along with Select Comfort, one of the "most well known" manufacturers of adjustable beds.  It states that while Select Comfort sells "Sleep Number Beds," Defendant sells "Sleep Better Number" beds.  The "review" then attempts to lead consumers to choose Defendant's products by concluding that Defendant's products and Select Comfort's products are "almost identical in construction, warranty and guarantee, with the Sleep Better Store clearly winning when it comes to prices."  Mattress-

find.com's "comparison" then provides a number of positive reviews of the Sleep Better Store that are identical to those found on Sleep Better Store's website.

103.    Defendant's efforts to direct business to themselves by presenting consumers with "comparisons" that suggest to consumers that they are unbiased, when in fact the source of the "comparisons" is Defendant itself is false, deceptive, or misleading to the public at large and consumers.

104.    Defendant's failure to disclose to visitors of the mattress-find.com website that mattress-find.com is owned and operated by Defendant, while mattress-find.com instead purports to be merely a source of information "to elevate your knowledge and approach to find the right mattress for you," is false, deceptive, and misleading to the public at large and consumers. Based on Defendant's actions, visitors and consumers who visit the mattress-find.com are tricked into believing they have reached an independent website with unbiased product reviews, when in fact they have not.

105.    In addition, Defendant's mattress-find.com website makes extensive and repeated uses of Select Comfort's Trademarks, far beyond the minimal use necessary to identify Select Comfort's products for comparison purposes, and in a manner likely to cause confusion among consumers.

106.    Defendant's      sleepbetterstore.com,      sleepnumbercomparison.com, selectcomfortcomparison.com, and dreamnumberbeds.com domain names and/or websites have claimed, and continue to claim, that Defendant's products are "Proudly Made in the USA."

107.    Based on Select Comfort's extensive corporate knowledge and research about the supply and manufacture of adjustable firmness airbeds, Select Comfort alleges that the air chambers used in Defendant's airbeds, and perhaps other components, are not manufactured in the United States.

108.    As a result, Defendant's representations that its products are "Made in the USA" are false, deceptive, or misleading, violate Federal Trade Commission regulations, and harm the public because they wrongfully mislead or deceive customers into believing they are purchasing products "Made in the USA," when in fact they are not.

109.    On its prior website, Defendant claimed to offer a "20 year warranty" with "up to 5 years of full coverage" as depicted below:



110.    Defendant's current website similarly claims to offer a "5 year full" warranty, as shown below:



111. However, Defendant limits these warranties by, for example, making the warranty non-transferable and requiring return shipping at the customer's expense after two years from the purchase date.

112. No warranty offered by Defendant is a "full warranty" as provided by federal law.

113. Defendant's claims and representations with respect to its warranty harms the public because it misleads or deceives consumers into believing they are purchasing air-bed products with "up to five years of full coverage" and/or a "5 year full" warranty, when in fact they are not.

114. Defendant's statements regarding its warranties are false, deceptive, misleading and cause harm to the public and consumers.

115. Defendant has also presented health-related testimonials that are deceptive because they lack independent substantiation or objective support.

116. Such testimonials include but are not limited to: "My wife has had incredible relief from her osteo arthrisis back pain that she has been troubled with for several years since using it the first night;" and "I wake up with no back pain or leg numbness! I was preparing to undergo another series of spinal injections, but see no point in doing so now!" and "It's only a week or two and it's almost magical - the 'lower back pain' is gone, and I awaken actually rested!"

117. Defendant's use of such testimonials is false, deceptive, or misleading.

118. Defendant expects that consumers will rely on Defendant's false, deceptive, or misleading representations in purchasing products from Defendant.

119. Consumers do rely, and have relied, on Defendant's false, deceptive, or misleading representations in purchasing products from Defendant and have therefore been misled and harmed by Defendant's tactics.

120. Defendant's acts as described above have violated or injured the public's and consumers' ability to make accurate and informed purchasing decisions free from false, misleading, deceptive, and unfair representations and trade practices.

121. Defendant's acts as described above have injured Select Comfort by, inter alia, diverting customers from Select Comfort.

122.     Defendant's false, deceptive, or misleading representations and trade practices described herein are directed to, and injure, the public at large and Minnesota consumers.

123.     Defendant's acts complained of herein were and continue to be committed willfully and intentionally.

124.     Select Comfort has suffered and will continue to suffer monetary damages as a result of Defendant's wrongful acts.

125.     Defendant's activities have caused irreparable injury to Select Comfort, Minnesota consumers, and the public at large and, unless enjoined by this Court, will continue to cause irreparable injury to Select Comfort, Minnesota consumers, and the public at large.  There is no adequate remedy at law for this injury.

## COUNT ONE

## FEDERAL TRADEMARK INFRINGEMENT

126.     Select Comfort repeats the allegations above as if fully set forth herein.

127.     The acts of Defendant complained of herein constitute infringement of Select Comfort's Trademarks in violation of 15 U.S.C. § 1114(1).

128.     Defendant's conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT TWO

### **FEDERAL UNFAIR COMPETITION**

129.   Select Comfort repeats the allegations above as if fully set forth herein.

130.   The acts of Defendant complained of herein constitute trademark infringement, trade dress infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a).

## COUNT THREE

### **FEDERAL DILUTION OF TRADEMARK**

131.   Select Comfort repeats the allegations above as if fully set forth herein.

132.   The acts of Defendant complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

## COUNT FOUR

### **FEDERAL CYBERPIRACY**

133.   Select Comfort repeats the allegations above as if fully set forth herein.

134.   The acts of Defendant complained of herein constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

## COUNT FIVE

### **FALSE ADVERTISING – 15 U.S.C. § 1125(a)**

135.   Select Comfort repeats the allegations above as if fully set forth herein.

136.   The acts of Defendant complained of herein constitute the making of false representations, claims and statements in connection with goods distributed in interstate commerce in violation of 15 U.S.C. § 1125(a).

## COUNT SIX

## DECEPTIVE TRADE PRACTICES

137.    Select Comfort repeats the allegations above as if fully set forth herein.

138.    The acts of Defendant complained of herein constitute deceptive trade practices in violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325(D).44 *et seq.*

## COUNT SEVEN

## UNLAWFUL TRADE PRACTICES

139.    Select Comfort repeats the allegations above as if fully set forth herein.

140.    The acts of Defendant complained of herein constitute violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*, including, without limitation, § 325D.15.

141.    In addition, Select Comfort proceeds under the Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3a,  seeking to protect and vindicate the public by, *inter alia*, suppressing and preventing Defendant's unfair, misleading, deceptive, or fraudulent representations and/or trade practices directed to the public at large and Minnesota consumers, as described herein.

## COUNT EIGHT

## FALSE STATEMENTS IN ADVERTISING

142.    Select Comfort repeats the allegations above as if fully set forth herein.

143.    The acts of Defendant complained of herein constitute false statements in advertising in violation of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67.

144.    Select Comfort proceeds under the Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3a, seeking to protect and vindicate the public by, *inter alia*, eliminating and preventing Defendant's untrue, deceptive or misleading assertions, representations or statements directed to the public at large and Minnesota consumers, as described herein

**COUNT NINE**

**CONSUMER FRAUD**

145.    Select Comfort repeats the allegations above as if fully set forth herein.

146.    The acts of Defendant complained of herein constitute consumer fraud in violation of the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 *et seq.*

147.    Select Comfort proceeds under the Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3a, seeking to protect and vindicate the public by, *inter alia*, eliminating and preventing Defendant's false promises, misrepresentations, misleading statements, or deceptive practices directed to the public at large and Minnesota consumers, as described herein

**COUNT TEN**

**UNJUST ENRICHMENT**

148.    Select Comfort repeats the allegations above as if fully set forth herein.

38

149.    The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Select Comfort's expense.

## **PRAYER FOR RELIEF**

WHEREFORE, Select Comfort prays for judgment as follows:

1.    A permanent injunction enjoining and restraining Defendant and its agents, employees, officers, servants, representatives, successors and assigns and others in active concert or in participation with Defendant:

    a.    from the use, in any manner whatsoever, including keyword purchasing, of the Trademarks-At-Issue, or combinations or variations thereof, including phonetic equivalents;

    b.    from using any of the false and/or misleading advertising statements described above;

    c.    to deliver up for destruction, or otherwise destroy all advertising and promotional materials containing any use of the Trademarks-At-Issue or any false or misleading statements;

    d.    to forfeit, cancel, and/or transfer to Select Comfort the domain names and/or websites: sleepnumbercomparison.com, selectcomfortcomparison.com, and dreamnumberbeds.com;

    e.    to forfeit, cancel, and/or provide a conspicuous disclaimer at the top of all pages of the mattress-find.com website clearly informing visitors that the website is owned and operated by Defendant, who sells mattresses, and therefore the website does not provide neutral,

                    unbiased information or comparisons regarding air-beds and mattresses.

      f.      with such injunction including a provision directing Defendant to file with the Court and serve on Select Comfort within thirty (30) days following the injunction a report in writing, and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

2.      Requiring an accounting of profits made by Defendant as a result of the acts complained of herein;

3.      Requiring a payment of damages in an amount to be proven at trial, lost profits, and/or disgorgement of all profits and/or ill-gotten gains made by Defendant as a result of the acts complained of herein;

4.      Awarding damages equal to three times the amount suffered as provided by 15 U.S.C. § 1117, together with attorneys' fees;

5.      Awarding prejudgment interest; and

6.      Awarding Select Comfort its costs, disbursements, and attorneys' fees, together with such other and further relief as this Court may deem just and equitable.

///

///

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Select Comfort

requests a trial by jury on all claims and issues triable by jury.

Dated:  January 3, 2012           **OPPENHEIMER WOLFF & DONNELLY LLP**

By:     s/ Andrew S. Hansen
         Andrew S. Hansen (# 285894)
         Samuel R. Hellfeld (#309954)

3300 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 607-7000
Fax Telephone:  (612) 607-7100

**ATTORNEYS FOR PLAINTIFF SELECT
COMFORT CORPORATION**

Select Comfort Corporation v. The Sleep Better Store, LLC
Court File No. 0:11-cv-00621 - JNE-JSM

# **Exhibit A**

Int. Cls.: **20 and 24**

Prior U.S. Cls.: **2, 13, 22, 25, 32, 42, and 50**

**United States Patent and Trademark Office**

Reg. No. 2,753,633
Registered Aug. 19, 2003

## TRADEMARK
## PRINCIPAL REGISTER

## SLEEP NUMBER

SELECT COMFORT CORPORATION (MINNESO-
TA CORPORATION)
6105 TRENTON LANE NORTH
PLYMOUTH, MN 55442

FOR: BEDS, MATTRESSES AND PILLOWS, IN
CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 5-29-2002; IN COMMERCE 5-29-2002.

FOR: COMFORTERS AND MATTRESS PADS, IN
CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 4-0-2001; IN COMMERCE 4-0-2001.

OWNER OF U.S. REG. NO. 2,149,899.

SEC. 2(F).

SN 76-122,213, FILED 9-5-2000.

KEVON CHISOLM, EXAMINING ATTORNEY

1

EXHIBIT A

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32, and 50

**United States Patent and Trademark Office**

Reg. No. 2,618,999
Registered Sep. 10, 2002

## TRADEMARK
### PRINCIPAL REGISTER

### SLEEP NUMBER

SELECT COMFORT CORPORATION (MINNESO-
TA CORPORATION)
6105 TRENTON LANE NORTH
MINNEAPOLIS, MN 55442

FOR: HANDHELD REMOTE CONTROL SOLD AS
AN INTEGRAL COMPONENT OF AN ADJUSTA-
BLE AIR BED, THAT ELECTRONICALLY CON-
TROLS THE AMOUNT OF AIR WITHIN THE BED'S
AIR CHAMBER, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25,
32 AND 50).

FIRST USE 6-1-2001; IN COMMERCE 6-1-2001.

OWNER OF U.S. REG. NO. 2,149,899.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "SLEEP", APART FROM THE
MARK AS SHOWN.

SN 78-026,445, FILED 9-18-2000.

WILLIAM JACOBI, EXAMINING ATTORNEY

2

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 2,641,045

Registered Oct. 22, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## SLEEP NUMBER

SELECT COMFORT CORPORATION (MINNESO-
TA CORPORATION)
6105 TRENTON LANE NORTH
MINNEAPOLIS, MN 55442

   FOR: RETAIL STORE SERVICES, ON-LINE RE-
TAIL SERVICES, MAIL ORDER SERVICES AND
TELEPHONE SHOP AT HOME SERVICES, ALL
FEATURING BEDS, MATTRESSES, PILLOWS,
MATTRESS PADS, BED FRAMES, SOFA BEDS,
FURNITURE AND ACCESSORIES, NAMELY,
SHEETS AND BLANKETS, IN CLASS 35 (U.S. CLS.
100, 101 AND 102).

FIRST USE 4-1-2001; IN COMMERCE 4-1-2001.

OWNER OF U.S. REG. NO. 2,149,899.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "SLEEP", APART FROM THE
MARK AS SHOWN.

SN 78-026,452, FILED 9-18-2000.

WILLIAM JACOBI, EXAMINING ATTORNEY

3

Int. Cls.: 20, 24 and 35

Prior U.S. Cls.: 2, 13, 22, 25, 32, 42, 50, 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 2,702,762
Registered Apr. 1, 2003

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

## WHAT'S YOUR SLEEP NUMBER?

SELECT COMFORT CORPORATION (MINNESO-
TA CORPORATION)
6105 TRENTON LANE NORTH
MINNEAPOLIS, MN 55442

   FOR: BEDS, MATTRESSES, BOX SPRINGS, BED
FRAMES, HEADBOARDS, FOOTBOARDS, ADJUS-
TABLE FOUNDATIONS FOR BEDS AND MAT-
TRESSES, ADJUSTABLE BEDS, SOFA BEDS,
PILLOWS, BOLSTERS, FURNITURE, AND NON-
METAL BED FITTINGS, IN CLASS 20 (U.S. CLS. 2, 13,
22, 25, 32 AND 50).

   FIRST USE 7-1-2002; IN COMMERCE 7-1-2002.

   FOR: BEDROOM ACCESSORIES, NAMELY,
MATTRESS PADS, BED SHEETS, PILLOW CASES,
BLANKETS, COMFORTERS, BEDSPREADS, COM-
FORTER COVERS, BED COVERS, PILLOW PRO-
TECTORS, AND MATTRESS PROTECTORS, IN
CLASS 24 (U.S. CLS. 42 AND 50).

   FIRST USE 7-1-2002; IN COMMERCE 7-1-2002.

   FOR: RETAIL STORE SERVICES, ON-LINE RE-
TAIL SERVICES, MAIL ORDER SERVICES AND
TELEPHONE SHOP AT HOME SERVICES, ALL
FEATURING BEDS, MATTRESSES, BOX SPRINGS,
BED FRAMES, HEADBOARDS, FOOTBOARDS, AD-
JUSTABLE FOUNDATIONS, ADJUSTABLE BEDS,
SOFA BEDS, FURNITURE, PILLOWS, BED FIT-
TINGS, AND BEDROOM ACCESSORIES, NAMELY,
MATTRESS PADS, BED SHEETS, PILLOW CASES,
BLANKETS, COMFORTERS, BEDSPREADS, COM-
FORTER COVERS, BED COVERS, PILLOW PRO-
TECTORS, AND MATTRESS PROTECTORS, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

   FIRST USE 7-1-2002; IN COMMERCE 7-1-2002.

   OWNER OF U.S. REG. NOS. 2,149,899, 2,641,045
AND OTHERS.

   SER. NO. 78-157,191, FILED 8-23-2002.

ELIZABETH HUGHITT, EXAMINING ATTORNEY

Select Comfort Corporation v. The Sleep Better Store, LLC
Court File No. 0:11-cv-00621- JNE-JSM

# Exhibit B

Int. Cl.: 20

Prior U.S. Cl.: 32

**United States Patent and Trademark Office**

Amended

Reg. No. 1,581,562

Registered Feb. 6, 1990

OG Date May 21, 1996

## TRADEMARK
## PRINCIPAL REGISTER

## SELECT COMFORT

SELECT COMFORT CORPORATION (MINNESOTA CORPORATION)
SUITE 100
6105 TRENTON LANE NORTH
MINNEAPOLIS, MN 55442

FOR: AIR BEDS, AIR PILLOWS, AIR MATTRESSES, AIR SOFA BEDS AND FOAM BORDER FRAMES FOR AIR BEDS, IN CLASS 20 (U.S. CL. 32).

FIRST USE 7-0-1987; IN COMMERCE 7-0-1987.

SER. NO. 73-785,220, FILED 3-7-1989.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 21, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

1

EXHIBIT B

Int. Cl.: 7

Prior U.S. Cl.: 23

**United States Patent and Trademark Office**
Amended

Reg. No. 1,590,557
Registered Apr. 10, 1990
OG Date May 14, 1996

## TRADEMARK
## PRINCIPAL REGISTER

## SELECT COMFORT

SELECT COMFORT CORPORATION
 (MINNESOTA CORPORATION)
SUITE 100
6105 TRENTON LANE NORTH
MINNEAPOLIS, MN 55442

OWNER OF U.S. REG. NO. 785,220.

FOR: PNEUMATIC PUMPS FOR AIR BEDS AND PARTS THEREFOR, IN CLASS 7 (U.S. CL. 23).

FIRST USE 7-0-1987; IN COMMERCE 7-0-1987.

SER. NO. 73-818,656, FILED 8-11-1989.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 14, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 7

Prior U.S. Cl.: 23

Reg. No. 1,590,557

## United States Patent and Trademark Office
Registered Apr. 10, 1990

### TRADEMARK
### PRINCIPAL REGISTER



SELECT COMFORT CORPORATION (MINNE-
SOTA CORPORATION)
11010 - 89TH AVENUE NORTH
MAPLE GROVE, MN 55369

FOR: PNEUMATIC PUMPS FOR AIR BEDS
AND PARTS THEREFOR, IN CLASS 7 (U.S. CL.
23).

FIRST USE 7-0-1987; IN COMMERCE
7-0-1987.

OWNER OF U.S. REG. NO. 785,220.

SER. NO. 73-818,656, FILED 8-11-1989.

RICHARD A. STRASER, EXAMINING ATTOR-
NEY

3

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

Reg. No. 1,976,214

## United States Patent and Trademark Office

Registered May 28, 1996

### TRADEMARK
### PRINCIPAL REGISTER

### SELECT COMFORT

SELECT COMFORT CORPORATION (MINNE-SOTA CORPORATION)
6105 TRENTON LANE NORTH
MINNEAPOLIS, MN 55442

FOR: AIR BEDS, AIR PILLOWS, MATTRESS-ES WITH AIR CHAMBERS, AIR SOFA BEDS, FOAM BOARDER FRAMES FOR AIR BEDS, VALUE ADDED MATTRESS COVERS AND FOUNDATIONS FOR AIR BEDS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 7-0-1987; IN COMMERCE 7-0-1987.

OWNER OF U.S. REG. NOS. 1,581,562 AND 1,590,557.

SER. NO. 74–645,357, FILED 3–13–1995.

CHERYL S. GOODMAN, EXAMINING ATTOR-NEY

4

Int. Cls.: 20, 24 and 35

Prior U.S. Cls.: 2, 13, 22, 25, 32, 42, 50, 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,702,763

Registered Apr. 1, 2003

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## SELECT COMFORT

SELECT COMFORT CORPORATION (MINNESOTA CORPORATION)
6105 TRENTON LANE N.
MINNEAPOLIS, MN 55442

FOR: BEDS, MATTRESSES, BOX SPRINGS, BED FRAMES, HEADBOARDS, FOOTBOARDS, ADJUSTABLE FOUNDATIONS FOR BEDS AND MATTRESSES, ADJUSTABLE BEDS, SOFA BEDS, PILLOWS, BOLSTERS, FURNITURE, AND NONMETAL BED FITTING, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 7-0-1987; IN COMMERCE 7-0-1987.

FOR: BEDROOM ACCESSORIES, NAMELY, MATTRESS PADS, BED SHEETS, PILLOW CASES, BLANKETS, COMFORTERS, BEDSPREADS, COMFORTER COVERS, BED COVERS, PILLOW PROTECTORS, AND MATTRESS PROTECTORS, IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 4-0-1994; IN COMMERCE 4-0-1994.

FOR: RETAIL STORE SERVICES, ON-LINE RETAIL SERVICES, MAIL ORDER SERVICES AND TELEPHONE SHOP AT HOME SERVICES, ALL FEATURING BEDS, MATTRESSES, BOX SPRINGS, BED FRAMES, HEADBOARDS, FOOTBOARDS, ADJUSTABLE FOUNDATIONS, ADJUSTABLE BEDS, SOFA BEDS, FURNITURE, PILLOWS, BED FITTINGS, AND BEDROOM ACCESSORIES, NAMELY, MATTRESS PADS, BED SHEETS, PILLOW CASES, BLANKETS, COMFORTERS, BEDSPREADS, COMFORTER COVERS, BED COVERS, PILLOW PROTECTORS, AND MATTRESS PROTECTORS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-0-1987; IN COMMERCE 7-0-1987.

OWNER OF U.S. REG. NOS. 1,581,562, 1,590,557, AND 1,976,214.

SER. NO. 78-163,485, FILED 9-12-2002.

ELIZABETH HUGHITT, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 2,801,405
Registered Dec. 30, 2003

## SERVICE MARK
### PRINCIPAL REGISTER



SELECT COMFORT CORPORATION (MINNESO-
TA CORPORATION)
6105 TRENTON LANE NORTH
PLYMOUTH, MN 55442

FOR: RETAIL STORE SERVICES, ON-LINE RE-
TAIL SERVICES, MAIL ORDER SERVICES AND
TELEPHONE SHOP AT HOME SERVICES, ALL
FEATURING BEDS, MATTRESSES, BOX SPRINGS,
BED FRAMES, HEADBOARDS, FOOTBOARDS, AD-
JUSTABLE FOUNDATIONS, ADJUSTABLE BEDS,
SOFA BEDS, FURNITURE, PILLOWS, BED FIT-
TINGS, AND BEDROOM ACCESSORIES, NAMELY,
MATTRESS PADS, BED SHEETS, PILLOW CASES,
BLANKETS, COMFORTERS, BEDSPREADS, COM-
FORTER COVERS, BED COVERS, PILLOW PRO-
TECTORS, AND MATTRESS PROTECTORS, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-1-2002; IN COMMERCE 6-1-2002.

OWNER OF U.S. REG. NOS. 1,581,562, 1,976,517,
AND OTHERS.

THE MARK CONSISTS OF THE WORDS "SELECT
COMFORT" WITH A BLUE CIRCLE, CONTAINING
TWO ARROWS, TO THE LEFT OF THE WORDS;
THE CIRCLE IS BLUE, AND THE COLOR BLUE IS
CLAIMED AS A FEATURE OF THE MARK.

SN 78-125,239, FILED 4-30-2002.

ELIZABETH HUGHITT, EXAMINING ATTORNEY

Int. Cls.: **20, 24, and 35**

Prior U.S. Cls.: **2, 13, 22, 25, 32, 42, 50, 100, 101, and 102**

**United States Patent and Trademark Office**

Reg. No. 2,803,623
Registered Jan. 6, 2004

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

select ◆ comfort

SELECT COMFORT CORPORATION (MINNESOTA CORPORATION)
6105 TRENTON LANE NORTH
PLYMOUTH, MN 55442

FOR: BEDS, MATTRESSES, BOX SPRINGS, BED FRAMES, HEADBOARDS, FOOTBOARDS, ADJUSTABLE FOUNDATIONS FOR BEDS AND MATTRESSES, ADJUSTABLE BEDS, SOFA BEDS, PILLOWS, BOLSTERS, FURNITURE, AND NON-METAL BED FITTINGS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 8-0-2002; IN COMMERCE 8-0-2002.

FOR: BEDROOM ACCESSORIES, NAMELY, MATTRESS PADS, BED SHEETS, PILLOW CASES, BLANKETS, COMFORTERS, BEDSPREADS, COMFORTER COVERS, BED COVERS, PILLOW PROTECTORS, AND MATTRESS PROTECTORS, IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 1-0-2003; IN COMMERCE 1-0-2003.

FOR: RETAIL STORE SERVICES, ON-LINE RETAIL SERVICES, MAIL ORDER SERVICES AND TELEPHONE SHOP AT HOME SERVICES, ALL FEATURING BEDS, MATTRESSES, BOX SPRINGS,

BED FRAMES, HEADBOARDS, FOOTBOARDS, ADJUSTABLE FOUNDATIONS, ADJUSTABLE BEDS, SOFA BEDS, FURNITURE, PILLOWS, BED FITTINGS, AND BEDROOM ACCESSORIES, NAMELY, MATTRESS PADS, BED SHEETS, PILLOW CASES, BLANKETS, COMFORTERS, BEDSPREADS, COMFORTER COVERS, BED COVERS, PILLOW PROTECTORS, AND MATTRESS PROTECTORS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-1-2002; IN COMMERCE 6-1-2002.

OWNER OF U.S. REG. NOS. 1,581,562, 1,976,517, AND OTHERS.

THE DRAWING IS LINED FOR THE COLOR BLUE AND THE COLOR IS CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE WORDS "SELECT COMFORT" WITH A BLUE CIRCLE, CONTAINING TWO ARROWS, BETWEEN THE TWO WORDS; THE CIRCLE IS BLUE.

SN 78-125,228, FILED 4-30-2002.

ELIZABETH HUGHITT, EXAMINING ATTORNEY

Select Comfort Corporation v. The Sleep Better Store, LLC
Court File No. 0:11-cv-00621- JNE-JSM

# Exhibit C

Int. Cls.: **20, 24, and 35**

Prior U.S. Cls.: **2, 13, 22, 25, 32, 42, 50, 100, 101, and 102**

Reg. No. 2,803,624

# United States Patent and Trademark Office

Registered Jan. 6, 2004

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



SELECT COMFORT CORPORATION (MINNESO-
TA CORPORATION)
6105 TRENTON LANE NORTH
PLYMOUTH, MN 55442

FOR: BEDS, MATTRESSES, BOX SPRINGS, BED
FRAMES, HEADBOARDS, FOOTBOARDS, ADJUS-
TABLE FOUNDATIONS FOR BEDS AND MAT-
TRESSES, ADJUSTABLE BEDS, SOFA BEDS,
PILLOWS, BOLSTERS, FURNITURE, AND NON-
METAL BED FITTINGS, IN CLASS 20 (U.S. CLS. 2, 13,
22, 25, 32 AND 50).

FIRST USE 8-0-2002; IN COMMERCE 8-0-2002.

FOR: BEDROOM ACCESSORIES, NAMELY,
MATTRESS PADS, BED SHEETS, PILLOW CASES,
BLANKETS, COMFORTERS, BEDSPREADS, COM-
FORTER COVERS, BED COVERS, PILLOW PRO-
TECTORS, AND MATTRESS PROTECTORS, IN
CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 1-0-2003; IN COMMERCE 1-0-2003.

FOR: RETAIL STORE SERVICES, ON-LINE RE-
TAIL SERVICES, MAIL ORDER SERVICES AND

TELEPHONE SHOP AT HOME SERVICES, ALL
FEATURING BEDS, MATTRESSES, BOX SPRINGS,
BED FRAMES, HEADBOARDS, FOOTBOARDS, AD-
JUSTABLE FOUNDATIONS, ADJUSTABLE BEDS,
SOFA BEDS, FURNITURE, PILLOWS, BED FIT-
TINGS, AND BEDROOM ACCESSORIES, NAMELY,
MATTRESS PADS, BED SHEETS, PILLOW CASES,
BLANKETS, COMFORTERS, BEDSPREADS, COM-
FORTER COVERS, BED COVERS, PILLOW PRO-
TECTORS, AND MATTRESS PROTECTORS, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-1-2002; IN COMMERCE 6-1-2002.

THE DRAWING IS LINED FOR THE COLOR
BLUE AND THE COLOR IS CLAIMED AS A FEA-
TURE OF THE MARK.

THE MARK CONSISTS OF A BLUE CIRCLE
CONTAINING TWO ARROWS; THE CIRCLE IS
BLUE.

SN 78-125,243, FILED 4-30-2002.

ELIZABETH HUGHITT, EXAMINING ATTORNEY

Select Comfort Corporation v. The Sleep Better Store, LLC
Court File No. 0:11-cv-00621- JNE-JSM

# **Exhibit D**

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 85363543**
**Filing Date: 07/05/2011**

*NOTE: Data fields with the* * *are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
| --- | --- |
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT11\IMAGEOUT 11\853\635\85363543\xml1\ FTK0002.JPG |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | DUALAIR TECHNOLOGY INSIDE |
| *COLOR MARK | NO |
| *COLOR(S) CLAIMED (If applicable) | |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of the word "DUALAIR" above the words "TECHNOLOGY INSIDE" to the right of a circle containing two arrows. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 640 x 271 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Select Comfort Corporation |
| *STREET | 9800 59th Avenue N |
| *CITY | Plymouth |

| *STATE<br>(Required for U.S. applicants) | Minnesota |
| --- | --- |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE<br>(Required for U.S. applicants only) | 55442 |

## LEGAL ENTITY INFORMATION

| *TYPE | CORPORATION |
| --- | --- |
| * STATE/COUNTRY OF INCORPORATION | Minnesota |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| *INTERNATIONAL CLASS | 020 |
| --- | --- |
| IDENTIFICATION | Beds; Mattresses |
| *FILING BASIS | SECTION 1(b) |

## ADDITIONAL STATEMENTS SECTION

| *TRANSLATION<br>(if applicable) | |
| --- | --- |
| *TRANSLITERATION<br>(if applicable) | |
| *CLAIMED PRIOR REGISTRATION<br>(if applicable) | The applicant claims ownership of U.S. Registration Number(s) 2803624, 2801405, 2803623, and others. |
| *CONSENT (NAME/LIKENESS)<br>(if applicable) | |
| *CONCURRENT USE CLAIM<br>(if applicable) | |
| DISCLAIMER | No claim is made to the exclusive right to use TECHNOLOGY apart from the mark as shown. |

## ATTORNEY INFORMATION

| NAME | Barbara J. Grahn |
| --- | --- |
| ATTORNEY DOCKET NUMBER | 8929-2233 |
| FIRM NAME | Oppenheimer Wolff & Donnelly, LLP |
| STREET | 45 S 7th St, Suite 3300 |
| CITY | Minneapolis |
| STATE | Minnesota |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 55402 |

| PHONE | 612-607-7325 |
|---|---|
| FAX | 612-607-7100 |
| EMAIL ADDRESS | bgrahn@oppenheimer.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Erika Koster, Elizabeth Brenckman, Barbara Wrigley, Ed Laine, Aaron Scott, Sam Hellfeld, Andrew Hansen |

## CORRESPONDENCE INFORMATION

| *NAME | Barbara J. Grahn |
|---|---|
| FIRM NAME | Oppenheimer Wolff & Donnelly, LLP |
| *STREET | 45 S 7th St, Suite 3300 |
| *CITY | Minneapolis |
| *STATE (Required for U.S. applicants) | Minnesota |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 55402 |
| PHONE | 612-607-7325 |
| FAX | 612-607-7100 |
| *EMAIL ADDRESS | bgrahn@oppenheimer.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| NUMBER OF CLASSES | 1 |
|---|---|
| FEE PER CLASS | 275 |
| *TOTAL FEE PAID | 275 |

## SIGNATURE INFORMATION

| * SIGNATURE | /heather m. somers/ |
|---|---|
| * SIGNATORY'S NAME | Heather M. Somers, Esq. |
| * SIGNATORY'S POSITION | Vice President and Associate General Counsel |
| * DATE SIGNED | 07/05/2011 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

### Serial Number: 85363543
### Filing Date: 07/05/2011

# To the Commissioner for Trademarks:

**MARK:** DUALAIR TECHNOLOGY INSIDE (stylized and/or with design, see mark)

The literal element of the mark consists of DUALAIR TECHNOLOGY INSIDE.
The applicant is not claiming color as a feature of the mark. The mark consists of the word "DUALAIR" above the words "TECHNOLOGY INSIDE" to the right of a circle containing two arrows.
The applicant, Select Comfort Corporation, a corporation of Minnesota, having an address of
    9800 59th Avenue N
    Plymouth, Minnesota 55442
    United States
requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 020:  Beds; Mattresses
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

No claim is made to the exclusive right to use TECHNOLOGY apart from the mark as shown.

The applicant claims ownership of U.S. Registration Number(s) 2803624, 2801405, 2803623, and others.

The applicant's current Attorney Information:
Barbara J. Grahn and Erika Koster, Elizabeth Brenckman, Barbara Wrigley, Ed Laine, Aaron Scott, Sam Hellfeld, Andrew Hansen of Oppenheimer Wolff & Donnelly, LLP
    45 S 7th St, Suite 3300
    Minneapolis, Minnesota 55402
    United States
The attorney docket/reference number is 8929-2233.
The docket/reference number is 8929-2233.

The applicant's current Correspondence Information:

Barbara J. Grahn

Oppenheimer Wolff & Donnelly, LLP

45 S 7th St, Suite 3300

Minneapolis, Minnesota 55402

612-607-7325(phone)

612-607-7100(fax)

bgrahn@oppenheimer.com (authorized)

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /heather m. Somers/   Date Signed: 07/05/2011
Signatory's Name: Heather M. Somers, Esq.
Signatory's Position: Vice President and Associate General Counsel



RAM Sale Number: 6058
RAM Accounting Date: 07/06/2011

Serial Number: 85363543
Internet Transmission Date: Tue Jul 05 18:47:26 EDT 2011
TEAS Stamp: USPTO/FTK-74.203.157.35-2011070518472605
8321-85363543-480d55d8237677f3c8c849cd64
92d9d9dbc-DA-6058-20110701133559959809

