# EXHIBIT 3



### MASLON
MASLON EDELMAN BORMAN & BRAND, LLP

P 612.672.8200    3300 WELLS FARGO CENTER
F 612.672.8397    90 SOUTH SEVENTH STREET
                   MINNEAPOLIS, MN 55402-4140

*www.maslon.com*

**Keiko L. Sugisaka**
**Direct Dial: (612) 672-8309**
**Direct Fax: (612) 642-8309**
*keiko.sugisaka@maslon.com*

May 15, 2012

Razorfish LLC
222 Merchandise Mart Plaza, Suite 1200
Chicago IL 60654

> ***Re:***      ***Select Comfort Corporation v. The Sleep Better Store, LLC***
>             ***Court File No. 11-CV-00621 (D. Minn.)***

To Whom It May Concern:

       Please find attached a subpoena for documents served on Razorfish LLC and a copy of the Protective Order entered in this case that you may apply to production of the documents and information requested. Please contact me after your review of the subpoena and I would be happy to further discuss the scope of this subpoena and any questions or concerns that you may have.

                         Sincerely,

                         Keiko L. Sugisaka

KLS/skr
Enclosures

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| Select Comfort Corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 0:11-cv-00621 |
| | ) | |
| The Sleep Better Store, LLC | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Minnesota |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Razorfish LLC, 222 Merchandise Mart Plaza, Suite 1200, Chicago IL 60654
c/o CT Corporation Systems, 208 South LaSalle Street, Suite 814, Chicago IL 60604

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: see attached Schedule A

| Place: Goldberg Kohn Ltd., 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | Date and Time: 05/31/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/15/2012

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
The Sleep Better Store, LLC , who issues or requests this subpoena, are:
Keiko Sugisaka, Esq., Maslon Edelman Borman & Brand LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, keiko.sugisaka@maslon.com (612) 672-8309

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  0:11-cv-00621

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

     ❑ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

     ❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

     ❑ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

     ❑ I returned the subpoena unexecuted because _____ ; or

     ❑ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____

                          _____
                                             *Server's signature*

                          _____
                                         *Printed name and title*


                          _____
                                            *Server's address*


Additional information regarding attempted service, etc:

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A TO SUBPOENA

Defendant The Sleep Better Store, LLC requests that You produce, in accordance with Rule 45 of the Federal Rules of Civil Procedure, all documents and things that are responsive to these requests and that are in the possession, custody, or control of You, Your agents, representatives or attorneys.

## DEFINITIONS AND INSTRUCTIONS

1.     "You" and "your" means Razorfish LLC, the party to whom these requests are directed, its current and former officers, directors, employees, divisions, subsidiaries, parent corporations, agents, representatives, and predecessors and successors in interest, including but not limited to Avenue A/Razorfish LLC and Razorfish, Inc.

2.     "Select Comfort" means Select Comfort Corporation, its current and former officers, directors, employees, divisions, subsidiaries, parent corporations, agents, representatives, and predecessors and successors in interest.

3.     "Defendant" means The Sleep Better Store, LLC, its current and former officers, directors, employees, divisions, subsidiaries, parent corporations, agents, representatives, and predecessors and successors in interest, including but not limited to The Merrick Group, Philip Krim, Lawrence Krim and Defendant's adjustable air mattress products including Sleep Better beds and Dream Number beds.

4.     "Document" or "documents" shall have the broadest meaning ascribed to them under Rule 34(a) of the Federal Rules of Civil Procedure, and shall encompass all handwritten, typed, printed, electronic or otherwise visually or aurally reproduced materials, whether copies or originals, irrespective of the manner produced, recorded, stored, or reproduced, including all information contained in, stored in, or accessible via computer, including electronic mail or other media.

5.     "Relating to" means concerning, containing, constituting, describing, discussing, evidencing, explaining, indicating, mentioning, pertaining to, reflecting, referring to, or showing.

6.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the documents requested herein must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in the request.

7.     If any documents are withheld from production on the basis of privilege or other protection, please identify each document on a privilege log. Such privilege log shall contain the following information:

- a.     The date of the document;
- b.     Either the Bates range or length of the document;
- c.     Sufficient information to identify the source of the document (e.g.: site, and department, archive box number or file drawer and file name);
- d.     Description of the type of document (e.g.: letter, memorandum, report, etc.);
- e.     The names of the author(s), recipient(s) and others identified as receiving copies;
- f.     Immediately adjacent to the name of all persons identified in the log, provide sufficient information to identify the title, capacity and affiliation of that individual;
- g.     Description of the document's general subject matter; and
- h.     The basis for the privilege asserted.

8.     If you refuse to answer any document request propounded herein for reasons other than a claim of privilege, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal. In the event that you object to any document request on the ground that it is overbroad, please respond to that document request in such a way as to cure the claimed objection, and state the extent to which you have narrowed that document request for purposes of your response.

## DOCUMENTS TO BE PRODUCED

1.   All documents and/or project files relating to Your work and/or services provided to Select Comfort, including but not limited to branding, rebranding, advertising, marketing, digital or e-commerce strategies and web initiatives, and any market, marketing or consumer research, studies, surveys or analysis.

2.   Any of Your documents or communications relating to Defendant.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Select Comfort Corporation, | Court File No: 0:11-cv-00621 (JNE/JSM) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| The Sleep Better Store, LLC, | |
| Defendant. | |

In order to permit the parties to disclose confidential information in response to the discovery requests and to protect such confidential information from disclosure except under the conditions set forth herein, and to prevent misuse or misappropriation of such confidential information, and based upon the Stipulated Confidentiality Agreement ("Agreement") between the parties, IT IS HEREBY ORDERED as follows:

1.      "Confidential Information," as used herein, means a document or information that any party or any agent thereof (hereinafter a "Designating Person"), for good cause, designates as "Confidential."

2.      Confidential Information shall not be used by or communicated to any person or entity for any other purpose whatsoever except as provided herein.

3.      Confidential Information may be disclosed without further written consent of the parties hereto or any Designating Person as defined herein, and without any further action on behalf of any person to whom such Confidential Information is disclosed, only to the Court and its staff; court reporters and other stenographers and typists recording or

transcribing testimony; the parties; and to the parties' attorneys and paralegal, clerical or support personnel working under the direction of such attorneys. Except as provided in paragraph 4 below, Confidential Information may be disclosed to any other person only upon the written consent of the Designating Party or by order of the Court. Any such other person reviewing Confidential Information must first sign an acknowledgment in the form attached hereto as Exhibit 1.

4.     Confidential Information may be disclosed, without the written consent of the Designating Person and without order of the Court, to any of the following upon execution by such person of an acknowledgment in the form attached hereto as Exhibit 1:

(a)     an expert retained by a party in connection with this litigation;

(b)     in-house counsel employed by a party;

(c)     a third-party witness in this action at a deposition or hearing, or one who has been subpoenaed or noticed therefore. Once a notice or subpoena is issued, the person noticed or subpoenaed shall be permitted to review, but not retain, Confidential Information.

5.     To the extent feasible, all Confidential Information shall be stamped "Confidential" prior to its production. Each party shall designate material it deems to be "Confidential" in the following manner:

A.     By stamping all documents with the designation "Confidential";

B.     By imprinting the designation "Confidential" next to each answer to an Interrogatory (the parties shall not designate the entirety of interrogatory

responses as "Confidential"; only specific interrogatory responses which actually contain Confidential Information);

C. By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept "Confidential"; and

D. By affixing to the canister or cassette of all videotapes, DVDs, CDs, and audiotapes the designation "Confidential."

6. "Highly Confidential—Attorneys' Eyes Only Information," as used herein, means a document or information that a Designating Person, for good cause, designates as "Highly Confidential—Attorneys' Eyes Only" because it relates to trade secrets, products, product development, sales and marketing strategies, financial modeling data and strategies, client lists, sales data and forecasts, and pricing information, and which is maintained by a Designating Person in a confidential manner.

7. Highly Confidential—Attorneys' Eyes Only Information shall not be used by or communicated to any person or entity for any other purpose whatsoever except as provided herein.

8. Highly Confidential—Attorneys' Eyes Only Information may be disclosed without further written consent of the parties hereto or any Designating Person as defined herein, and without any further action on behalf of any person to whom such Highly Confidential—Attorneys' Eyes Only Information is disclosed, only to the Court and its staff; court reporters and other stenographers and typists recording or transcribing

testimony; and to the parties' outside attorneys and paralegals and clerical or support personnel working under the direction of such attorneys.

9.      Highly Confidential—Attorneys' Eyes Only Information may be disclosed, without the written consent of the Designating Person and without order of the Court, to an expert retained by a party in connection with this litigation, following upon execution by such person of an acknowledgment in the form attached hereto as Exhibit A. Highly Confidential—Attorneys' Eyes Only Information may not be disclosed to any other person.

10.     To the extent feasible, all Highly Confidential—Attorneys' Eyes Only Information shall be stamped "Highly Confidential—Attorneys' Eyes Only" prior to its production. Each party shall designate material it deems to be "Highly Confidential—Attorneys' Eyes Only" in the following manner:

A.      By stamping all documents with the designation "Highly Confidential—Attorneys' Eyes Only";

B.      By imprinting the designation "Highly Confidential—Attorneys' Eyes Only" next to each answer to an Interrogatory (the parties shall not designate the entirety of interrogatory responses as "Highly Confidential—Attorneys' Eyes Only"; only specific interrogatory responses which actually contain Highly Confidential—Attorneys' Eyes Only Information);

C.      By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept "Highly Confidential—Attorneys' Eyes Only"; and

D.      By affixing to the canister or cassette of all videotapes, DVDs, CDs, and

audiotapes the designation "Highly Confidential—Attorneys' Eyes Only."

11.     If the Designating Person is not the producing party, the Designating

Person shall give notice to the other parties that it wishes to have the document or other

material treated as Confidential or Highly Confidential—Attorneys' Eyes Only.

12.     Nothing contained herein shall be construed to limit the producing party or

witness from using its own Confidential Information or Highly Confidential—Attorneys'

Eyes Only Information in any manner that it may choose.

13.     In the event that a party inadvertently fails to designate any Confidential

Information or Highly Confidential—Attorneys' Eyes Only Information, the party

producing that information may as soon as possible, but in no event more than thirty (30)

days after learning of such inadvertent production, make such a designation by notifying

the receiving person in writing.  Each side shall treat the designated information as

"Confidential" or "Highly Confidential—Attorneys' Eyes Only," in accordance with the

producing party's notification, until further order of the Court.

14.     In the case of deposition testimony, counsel for the person being deposed

shall, within thirty (30) days after the transcript has been received by such counsel,

designate as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" those

portions of the transcript which contain testimony concerning Confidential Information or

Highly Confidential—Attorneys' Eyes Only Information.  During this 30-day period, the

entire transcript shall be treated as though it was designated "Highly Confidential—

Attorneys' Eyes Only" and shall be disclosed only to those persons listed above.

15.   If Confidential Information or Highly Confidential—Attorneys' Eyes Only Information in the possession of a party is sought by subpoena or any other form of compulsory process of any Court, administrative or legislative body, or of any person or tribunal purporting to have authority to seek such information by compulsory process, the party to whom the process is directed shall immediately give written notice of such process to the Designating Person at least 30 days prior to any production.

16.   The parties' Agreement may be signed in counterparts. The terms of the Agreement shall become effective as to any party immediately upon the signing of the Agreement on behalf of such party, without regard to whether the Agreement has been signed by all other parties and without regard to whether any Order has been issued by a Court.

17.   If a party files documents containing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information with the Court, such filings shall be in compliance with the Electronic Case Filing Procedures for the District of Minnesota and the Court's governing pretrial scheduling order addressing the service and delivery of Confidential materials on a party opponent and the Court. The parties understand that designation by a party, including a third party, of a document as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to this Protective Order cannot be used as the sole basis for filing the document under seal in connection with a nondispositive, dispositive or trial-related motion. Only those documents and portions of a party's submission (including those portions of affidavits, exhibits and memorandum of law) which otherwise meet the requirements of protection from public filing (e.g. a

statute, rule or regulation prohibits their disclosure; they are protected under the attorney-client privilege or work product doctrine; or they meet the standards for protection articulated in F.R.C.P. Rule 26(c)(1)(G)) shall be filed under seal. If the party submitting a document produced and designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information by another party in support or opposition to a motion believes that any such document should not be filed under seal, then sufficiently in advance of the submission, the party shall request the party designating the document as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information to permit the document to be publically filed, and the designating party shall respond to the request within two business days of the request (a) by indicating whether the designating party agrees or objects to the public filing of the document, and (b) for any objection, by explaining why the document meets the requirements of protection from public filing. If the party designating the document as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information objects to the public filing of any document, then the document shall be filed under seal, and at the same time as it is filed, the party filing the sealed document must notify in writing the party who designated the document as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information and the Court hearing the motion for which the sealed document is being submitted, of the dispute regarding the filing of the document under seal. At the hearing these parties shall address with the Court whether the document should or should not remain sealed. The party asserting that the document

should be filed under seal shall have the burden of proving that the document shall remain under seal.

18.    This Order shall not prevent any Confidential Information or Highly Confidential—Attorneys' Eyes Only Information from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at the hearing or in support of or in opposition to a motion, subject to such confidentiality measures as the Court may then prescribe.

19.    No person who obtains access to Confidential Information or Highly Confidential—Attorneys' Eyes Only Information pursuant to this Order may disclose that information to any persons other than those permitted access under this Order, unless it first secures the written consent of the Designating Party, or obtains permission from the Court, upon motion and with notice to all parties.

20.    The prohibitions of this Order that restrict the disclosure and use of Confidential Information and Highly Confidential—Attorneys' Eyes Only Information shall continue to be binding after the conclusion of this action.

21.    Within sixty (60) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Information and Highly Confidential—Attorneys' Eyes Only Information shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed.

22.    Any party may apply to the Court for an order modifying the Stipulated Confidentiality Agreement, removing the "Confidential" or "Highly Confidential—

Attorneys' Eyes Only" designation from any discovery materials, or extracts or portions

thereof, reclassifying Confidential Information or Highly Confidential—Attorneys'

Only Information, or further protecting Confidential Information or Highly

Confidential—Attorneys' Eyes Only Information.   The burden of persuasion regarding

any confidentiality designation shall be governed by Rule 26 of the Federal Rules of Civil

Procedure and the applicable case law.   This Order is without prejudice to the rights of

any party to object to the production of documents or information which it considers to

be privileged or otherwise beyond the scope of Fed. R. Civ. P. 26.


Dated:  September 28, 2011                    s/ Janie S. Mayeron
                                             JANIE S. MAYERON
                                             United States Magistrate Judge

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Select Comfort Corporation,                    Court File No: 0:11-cv-00621 (JNE/JSM)

               Plaintiff,

v.                                             **AGREEMENT TO BE BOUND**

The Sleep Better Store, LLC,

               Defendant.

---

I hereby attest that I have read, understand and agree to be bound by the terms, conditions and restrictions of the Confidentiality Agreement and Order ("Agreement") in the above-captioned matter. I hereby acknowledge that I am being given access to Confidential Information or Highly Confidential—Attorneys' Eyes Only Information within the meaning of that Agreement. I further agree that I will maintain the Confidential Information or Highly Confidential—Attorneys' Eyes Only Information in confidence and will use such information only in accordance with the terms of the Agreement.


Dated: _____          By: _____

*IN THE UNITED STATES DISTRICT COURT – DISTRICT OF MINNESOTA*
*Select Comfort Corporation v. The Sleep Better Store, LLC*
*Court File No.: 01:11-CV-00621 (JNE/JSM)*

## AFFIDAVIT OF SERVICE

Sa'Lesha Beeks being first duly sworn on oath, deposes and states that she is an employee in the law firm of Maslon Edelman Borman & Brand LLP, Wells Fargo Center – Suite 3300, 90 South Seventh Street, Minneapolis, MN 55402-4140 and that on the 15th day of May, 2012 she made service of the following document(s):

1. Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises on Razorfish LLC; and

2. Copy of Protective Order in the above-referenced case

to be served via email and U. S. Mail by depositing a true and correct copy to both the email and address listed below:

Andrew S. Hansen – ahansen@oppenheimer.com
Sam Hellfeld – shellfeld@oppenheimer.com
Oppenheimer, Wolff, & Donnelly
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, MN 55402-1609


Sa'Lesha Beeks

Subscribed and sworn to before me
This 15th day of May, 2012.

Notary Public

HOLLY ANN ERA
Notary Public-Minnesota
My Commission Expires Jan 31, 2013

## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### CASE NO.0:11-CV-00621
### AFFIDAVIT OF SPECIAL PROCESS SERVER

**Justin Turner**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.

That he served the within:

( ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
(**X**) Subpoena
( **X** ) Other: **Rider; Cover Letter; Protective Order**

1. ( ) By leaving a copy with the named party, ------- personally on -------.

------------------------------------------------------------------------------------------------------

2. ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

------------------------------------------------------------------------------------------------------

3. ( **X** ) On the within party, **Razorfish, LLC, c/o CT Corporation System**, by leaving a copy with **Gina Lendi, Corporate Operations Specialist and Authorized Person** on **May 15, 2012**, and informed that person of the contents thereof.

------------------------------------------------------------------------------------------------------

4. ( **X** ) That the sex, race, and approximate age of the person with whom he left the documents were as follows:

SEX: **Female**          RACE: **Caucasian**          APPROXIMATE AGE: **23**

------------------------------------------------------------------------------------------------------

5. ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **208 S. LaSalle Street, Suite 814, Chicago, IL 60604**
TIME OF DAY: **1:03 PM**

------------------------------------------------------------------------------------------------------

6. ( ) That he was unable to serve within named party ------- located at ------- for the reason: -------

Signed and Sworn to before me
This **16th** day of **May 2012**

Justin Turner
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

OFFICIAL SEAL
FELICIA CONROY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/10/16